# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Reverend Franklin C. Reaves, Fannie Melette , ) | C/A No.:4:04-22206-TLW-TER |
| Lee Melette, Lawan Melette, Betty Davis, Dr. ) | |
| Treadwell Campbell, Patricia Bennett, Bessie ) | |
| Woodbury, Sarah Burch, Vestena Reaves, ) | |
| McRoy Barr, Susan Crawford, Laura M. ) | |
| Fladger, Violet M. Wade, Nettie M. Mason, ) | |
| Luther Smith, Jr., Yvonne Harps, ) | |
| Alford, Sr., Maeo Brigman, Bertha McClellan ) | |
| Elease Smith, Ida Pee, Betty C. Pernell, Ann ) | |
| M. Pompey, Bettie M. Jones, James A. Jones, ) | |
| Lewis D. Foxworth, Walter Fore, Rhonda Y. ) | |
| Fore, Derrick B. Weeks, Michael E. Baker, ) | |
| Patsy R. Posch, Nancy L. Smith, Virginia ) | |
| Ellerbee, Jimmie L. Allison, Rosemary Nelson, ) | |
| Ella C. White, Hattie B. James,  Ernestine ) | |
| G. Reaves, Willie Miles, ) | |
| Lillie Belle Williams, Melvin Wade, Ray Von- ) | |
| Hodge, Charles Miles, Kay Ron Pitts, Helissa ) | **REPORT AND RECOMMENDATION** |
| Sem, Elease Leonard, Jimmie H. Moore, ) | |
| Joannie Moore, Nathaniel Gerald, Walton ) | |
| Trorot, George L. Williams, Sarah E. Crawford,) | |
| Charles L. Brown, Deloris Crawford, David ) | |
| Fore, Mary Gilchrist, Linda Phillips, Anthony ) | |
| Legette, Rosena Nelson, Mary Miles, Terry ) | |
| Grant, Leon Grant, Willie L. Page, Lenneau ) | |
| Adams, Sharon Adams, Deloris K. Shaw, Diane) | |
| B. McCall, Denise E. Burgess, Lenatrye Mullins) | |
| Olena Reed, Delores M. Williamson, Xiomara ) | |
| L. Ayarze, Jerry Mason, Jean T. Grant, Wilbert ) | |
| L. Grant, Esther S. Brunson, Susanne Grant, ) | |
| Tommesenia Floyd, Frances S. Huggins, Esther ) | |
| Rogers, Patricia Singletary, Elizabeth Torres, ) | |
| April Rogers, Wendy Rogers, Derrick Davis, ) | |
| Revanish Woodberry, Kenny Rogers, Mollie ) | |
| Ceasar, and others similarly situation, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |

Ulysses S. G. Sweeney, Willie Smith,           )
Tim Moore, Marion County Democratic            )
Party Executive Committee, Marion County       )
Election Commission, South Carolina            )
Democratic Party, South Carolina Election      )
Commission, The State of South Carolina        )
                                               )
                Defendants.                    )
_____)

## I.  PROCEDURAL BACKGROUND

The plaintiffs filed this action in the Marion County Court of Common Pleas, Marion, South Carolina on August 16, 2004.  This action was removed to this court on September 13, 2004.  All defendants have filed an answer and/or motion to dismiss.

In the complaint, plaintiffs allege an unconstitutional violation of Section 5 of the Voting Rights Act and request injunctive relief as follows: enter judgment declaring the practice of the Democratic Party Executive Committee unconstitutional; enter a permanent injunction against all election results in Marion County since June 8, 2004; enter permanent injunction against the certification of the vote in Marion County since June 8, 2004; declare all races invalid and order new election be held for all officers in Marion County; enjoin defendants from conducting any elections where there is no law or policies governing the counting of irregularities in voting; enjoin the November 2, 2004, General Election until this case is resolved; and award attorney fees and costs. (Complaint).

On September 13, 2004, defendant Willie Smith filed a motion to dismiss along with supporting memorandum. (Document #4). Because the plaintiffs are proceeding *pro se,* they were advised on or about September 28, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir.

1975), that a failure to respond to the defendant's motion to dismiss could result in dismissal of their complaint. The plaintiffs have not filed a response.

On September 22, 2004, the South Carolina Election Commission filed a motion to dismiss along with a memorandum in support. (Document # 7). Because the plaintiffs are proceeding *pro se,* they were advised on or about September 28, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendant's motion to dismiss could result in dismissal of their complaint. The plaintiffs have not filed a response.

On September 24, 2004, defendant South Carolina Democratic Party filed a motion to dismiss along with supporting memorandum. (Document #14). Because the plaintiffs are proceeding *pro se,* they were advised on or about September 28, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendant's motion to dismiss could result in dismissal of their complaint. The plaintiffs have not filed a response.

Defendant Tim Moore filed a motion to dismiss on January 21, 2005, and a memorandum in support on February 9, 2005. (Document #16). Because the plaintiffs are proceeding *pro se,* they were advised on or about February 11, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendant's motion to dismiss could result in dismissal of their complaint. The plaintiffs have not filed a response.

Defendant State of South Carolina filed a motion to dismiss on January 31, 2005, along with a memorandum in support. (Document #21). Because the plaintiffs are proceeding *pro se,* they were advised on or about February 11, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendant's motion to dismiss could result in dismissal of their complaint. The plaintiffs have not filed a response.

## II.  STANDARD UNDER MOTION TO DISMISS

Defendants bring their motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.  A motion to dismiss under Rule 12 tests the sufficiency of the complaint.  It does not resolve conflicts of facts.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations.  Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).  When a claim is challenged under this Rule, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party.

Plaintiffs are proceeding *pro se*.  A *pro se* litigant's pleadings are accorded a liberal construction.  Hughes v. Rowe, 449 U.S. 5, 66 L.Ed. 163, 101 S.Ct. 173 (1980); Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 97 S.Ct. 594 (1972); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  Hughes v. Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam).  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a claim on which Plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the Plaintiff's legal arguments for him.  Small v. Endicott, 998 F.2d 411 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

4

### III. DEFENDANT WILLIE SMITH'S MOTION TO DISMISS

Defendant Willie Smith brings his motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. for failure of the plaintiffs to set out sufficient allegations in the complaint. Defendant Smith argues that plaintiffs only mention his name in the complaint two times. The first in paragraph 83 that Smith is the Chief of the City of Marion Police Department and the second in paragraph 89 wherein the plaintiffs allege the following:

> Plaintiffs bring this action to prevent deprivation under color of state law, statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secure to plaintiffs by the Constitution and laws of the United sates by failure of Ulyssess S. G. Sweeney, Willie Smith, Tom Moore, Marion County Democratic party, Marion County Election Commission, South Carolina Democratic Party, South Carolina Election Commission, the State of South Carolina violated plaintiffs First, Thirteenth, Fourteenth Amendments rights of the United States Constitution and Sections 2 and 3 of the Voting Rights Act, 42 U.S.C. Sections 1973 and 1973c.

(Complaint p. 14).

Defendant Smith argues that the first four causes of action all pertain to alleged violation of Federal and State voting laws none of which would pertain to Willie Smith in his capacity as Chief of Police for the City of Marion. Defendant Smith asserts that the final cause of action merely states that the defendants acting under cover of State law have deprived the plaintiffs of rights, privileges and immunities secured to them under the Fourteenth Amendment appearing to be an attempt to state a cause of action pursuant to 42 U.S.C. §1983. Therefore, defendant Smith asserts that the complaint fails to set out any specific allegation that Willie Smith, acting under color of stat law, caused the depravation of any rights of any of the plaintiffs.

As previously stated, plaintiffs have not filed a response to defendant Smith's motion to

dismiss.

The undersigned concludes that plaintiffs have not alleged any specific allegations that defendant Smith caused the depravation of any rights of any of the plaintiffs. Therefore, assuming the allegations in the complaint to be true, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations as to defendant Smith. Thus, it is RECOMMENDED that defendant Smith's motion to dismiss (document #4) be GRANTED.

### IV.  DEFENDANT MOORE'S MOTION TO DISMISS

Defendant Tim Moore brings his motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. for failure of the plaintiffs to set out sufficient allegations in the complaint. Defendant Moore asserts that plaintiff named him in the caption of the action but have alleged no facts that he took or failed to take any action that injured plaintiffs. Defendant Moore asserts that his name is only mentioned in one paragraph of the complaint in which plaintiffs allege that Moore is not a member of the Marion County Democratic Party nor the Marion County Democratic Party Executive Committee. Defendant Moore argues that the complaint fails to allege he performed or failed to perform any acts, whether individually or as an agent of any other entity, which would support a finding that Moore did anything to violate plaintiffs' constitutional rights. Further, defendant Moore asserts that he is an individual citizen who is neither a state or governmental entity, nor was he acting under color of state law. Thus, defendant Moore argues that he could not be held liable for any violation of plaintiffs' constitutional rights as alleged in the complaint or for any violation of 42 U.S.C. §1983 and the court should dismiss the plaintiff's complaint against Tim Moore.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the

defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980); *see also* Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 457 U.S. 922, 937 (1982); *see* United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen  Helpers of America, AFL-CIO, 941 F.2d 1292 (2d Cir.1991). Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See* Lugar, 457 U.S. at 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive

7

power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991). There are no allegations against defendant Moore other than plaintiffs stating that Moore is not a member of the Marion County Democratic Party nor the Marion County Democratic Party Executive Committee. Therefore, there are no allegations that defendant Moore acted under color of state law or that defendant Moore deprived him or her of a federal right. Accordingly, it is **RECOMMENDED** that defendant Moore's motion to dismiss (document #16) be **GRANTED**.

## V. DEFENDANTS STATE OF SOUTH CAROLINA AND SOUTH CAROLINA ELECTION COMMISSION'S MOTIONS TO DISMISS

This matter is before the court on Defendants State of South Carolina's (South Carolina) motion to dismiss this action pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. # 21) filed January 31, 2005, and the South Carolina Election Commission's (SCEC) motion to dismiss (Doc. # 7) filed September 22, 2004. Both defendants move to dismiss this action on the basis of immunity under the Eleventh Amendment to the United States Constitution. Plaintiffs have failed to respond to defendants' motions. Nonetheless, South Carolina's and the SCEC's motions should be denied.

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state.

Although not literally stated, the Eleventh Amendment has been interpreted to apply to suits

8

against a state by its own citizens. Edelman v. Jordan, 415 U.S. 651 (1974). Generally, the Eleventh Amendment bars federal courts from entertaining a private plaintiffs' suit against a state government. Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, a State cannot be sued directly in its own name regardless of the relief sought. Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam).

Congress can abrogate a State's Eleventh Amendment immunity by enactment of legislation "if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power [to enforce the constitutional guarantee of due process and equal protection] under §5 of the Fourteenth Amendment." Nevada Department of Human Resources v. Hibbs, 538 U.S. 721, 726 (2003). Congress has the equal power to abrogate immunity through §2 of the Fifteenth Amendment. City of Boerne v. Flores, 521 U.S. 507, 518 (1997).

In their complaint, plaintiffs allege, among other things, violations of the Voting Rights Act of 1965, 42 U.S.C. §1973 *et seq*. Several courts have addressed Eleventh Amendment immunity to actions under the Voting Rights Act and have held that Congress has overridden the immunity by the Voting Rights Act.[1] See Mixon v. Ohio, 193 F.3d 389, 398 (6th Cir. 1999); Reaves v. United States Dept. of Justice, 2005 WL 237770 (D.D.C. 2005); See also Bd. of Treasurers of the Univ. of Ala. v. Garrett, 531 U.S. 356 (2000); City of Rome v. United States, 446 U.S. 156 (1980).

As set forth in Mixon, the language of §2 of the Voting Rights Act clearly and unmistakably expresses Congress' intention to abrogate sovereign immunity as it prohibits "any State" from discriminating against voters on the basis of race and it represents a valid exercise of power under

---

[1] In contrast, States are not considered "persons" under the civil rights acts. Quern v. Jordan, 440 U.S. 332, 343 (1979); Alabama v. Pugh, 438 U.S. 781 (1978); Edelman v. Jordan, 415 U.S. 651 (1974).

§§5 and 2 of the Fourteenth and Fifteenth Amendments, respectively.

For the foregoing reasons, it is **RECOMMENDED** that the motions to dismiss filed by Defendant State of South Carolina (Doc. # 21) and by defendant SCEC (Doc. #7) be **denied**.

### VI.  DEFENDANT SOUTH CAROLINA DEMOCRATIC PARTY'S MOTION TO DISMISS

This matter is before the court on Defendant South Carolina Democratic Party's (Democratic Party) motion to dismiss filed September 24, 2004 (Doc. # 14).  Democratic Party seeks dismissal for failure of the complaint to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In their complaint, plaintiffs allege that voting irregularities in the June 8, 2004, democratic primary in South Carolina impermissibly diminished and interfered with the African American voters in violation of the Voting Rights Act of 1965, as well as other statutory provisions.  They allege that the Democratic Party Executive Committee (Executive Committee) determined that there were irregularities in the voting process in the democratic primary election, voided the election as it related to the State Senate District 30 seat (Senate Seat 30) and called for a new election for that seat.  However, plaintiffs argue that "although all candidates received the "tainted" votes that were cast on June 8, 2004, the Executive Committee only ordered the Senate race void and other candidates in other races were allowed to receive "tainted" votes and the same "tainted votes" that were denied to candidates in the Senate District 30 race, which is discrimination." (Complaint p. 16). Plaintiffs assert that the Executive Committee knew that these voting irregularities affected the outcome of the election, but for whatever reason, refused to investigate how these voting

irregularities affected the other races on June 8, 2004. Thus, plaintiffs allege that the Executive Committee did not void the elections for two other positions involved in the same primary election. They allege that by allowing improperly cast votes to be counted diluted their votes. They also allege that by voiding the primary election for Senate Seat 30, defendants denied them the right to participate in the voting process and elect the candidate of their choice. Further, they allege that voiding the election where there were mostly African American voters (Senate Seat 30) but not disturbing the elections where white candidates were favored to win diluted their vote which resulted in discrimination. Further, they allege that voiding the election where an African American candidate was favored to win (Senate Seat 30) but not disturbing the elections where white candidates were favored to win diluted their vote. The Court can take judicial notice of Case Number 4:04-CV-2171-25 recently litigated in this court, which involved a claim by the incumbent of Senate Seat 30, Senator Maggie Glover (Glover Case). As set forth in the order filed September 3, 2004, in the Glover Case, it involved a dispute over the decision of the Executive Committee to invalidate the democratic primary election for Senate Seat 30 held in the state counties of Florence, Dillon, Marion and Marlboro. As the result of the primary held on June 8, 2004, the incumbent, Senator Maggie Glover, finished first, Candidate Tim Norwood finished second, and Candidate Kent Williams finished third. Because none of the candidates received a majority of the votes, the State Board of Canvassers ordered a recount of the votes cast pursuant to state law. On June 14, 2004, a recount was performed. As a result of the recount, Senator Glover remained in first place, Candidate Williams was in second place and Candidate Norwood fell to third place.

    Candidate Norwood filed a protest on June 16, 2004, of the election results with the South

Carolina Law Enforcement Division, alleging widespread voter fraud.[2]  Executive Committee subsequently held a hearing and determined that substantial irregularities and illegalities were committed during the voting process, including voting by convicted felons, double voting by persons casting absentee ballots and voting in person, and absentee ballots collected in violation of law by paid campaign workers that were contrary to the will of the voter.  An order was submitted to the Governor asking that he set a new date for the election pursuant to S.C. Code Ann. §7-13-1170.

Senator Glover and Candidate Williams subsequently petitioned the South Carolina Supreme Court for review of the Executive Committee's decision voiding the election.  During the pendency of the petition, Senator Glover filed the Glover Case.  The South Carolina Supreme Court denied Senator Glover's and Williams' petitions for certiorari on July 20, 2004.

In the Glover Case, plaintiffs[3] alleged violations of §§ 2 and 5 of the Voting Rights Act of 1965, violations of the Due Process and Equal Protection Clauses of the United States Constitution, and violations of 42 U.S.C. §1983.

After extensive briefing and hearings, the Honorable Terry L. Wooten, U.S. District Judge, granted the motions for summary judgment filed by the Democratic Party and the Executive Committee and dismissed the action against all party defendants.

The motions presently before the court are quite similar to the motions filed pursuant to Rule 56, Fed.R.Civ.P., in the Glover Case.  Defendant seeks dismissal of the case for failure to state a claim upon which relief can be granted.  Specifically, in its motion to dismiss pursuant to Rule

---

[2] Candidate Williams initially filed a protest prior to the Board of Canvassers completing its recount; however, he subsequently withdrew his protest.

[3] Reverend Franklin Reaves was also a plaintiff in the Glover Case.

12(b)(6) for failure to state a claim, Democratic Party argues that the complaint fails to allege a violation of the Voting Rights Act of 1965, asserting that the complaint fails "to allege facts that would establish that requiring the electorate to use a fair election denies anyone of any right." In other words, it argues that the complaint alleges that defendant required a fair election, as opposed to fraudulent election, and, therefore, no one's right has been violated.

Of course, plaintiffs' complaint is not limited to the Senate Seat 30 election. Plaintiffs claim, among other things, that defendant's failure to investigate and invalidate the elections involving two other races was violative of their rights. They further allege that voiding only the Senate Seat 30 election while having knowledge of the applicability of the voting irregularities of the two other elections was racially discriminatory. They allege that an African American was favored to win the Senate Seat 30 race while white candidates were favored to win the other elections which were not invalidated. Therefore, in the light most favorable to the plaintiffs and pursuant to Rule 12(b)(6), defendants have failed to meet their burden of showing plaintiffs' claims should be dismissed.

Therefore, for the foregoing reasons, it is **RECOMMENDED** that Defendant's motion to dismiss (Doc. #14) be **denied**.

                Respectfully submitted,

                s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

August 30, 2005
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
