UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reverend Franklin C. Reaves; Fannie Melette, Lee Melette, Lawan Melette, Betty Davis, Dr. Treadwell Campbell, Patricia Bennett, Bessie Woodbury, Sarah Burch, Vestena Reaves, McRoy Barr, Susan Crawford, Saura M. Fladger, Violet M. Wade, Nettie M. Mason, Luther Smith, Jr., Yvonne Harps, Ellison Alford, Sr., Maeo Bidgman, Bertha McClellan, Elease Smith, Ida Pee, Betty C. Pernell, Ann M. Pompey, Bettie M. Jones, James A. Jones, Lewis D. Foxworth, Walter Fore, Rhonda Y. Fore, Derrick B. Weeks, Michael E. Baker, Patsy R. Posch, Nancy L. Smith, Virginia Ellerbee, Jimmie L. Allison, Rosemary Nelson, Ella C. White, Hattie B. James, Ernestine G. Reaves, Willie Miles, Lillie Belle Williams, Melvina Wade, Ray VonHodge, Charles Miles, Kay Ron Pitts, Helissa Sem, Elease Leonard, Jimmie H. Moore, Joannie Moore, Nathaniel Gerald, Walton Trorot, George L. Williams, Sarah E. Crawford, Charles L. Brown, Deloris Crawford, David Fore, Mary Gilchrist, Linda Phillips, Anthony Legette, Rosena Nelson, Mary Miles, Terry Grant, Leon Grant, Willie L. Page, Lenneau Adams, Sharon Adams, Deloris K. Shaw, Diane B. McCall, Denise E. Burgess, Lenatrye Mullins, Olena Reed, Delores M. Williamson, Xiomara L. Ayarza, Jerry Mason, Jean T. Grant, Wilbert L. Grant, Esther S. Brunson, Susanne Grant, Tommesenia Floyd, Frances S. Huggins, Esther Rogers, Patricia Singletary, Elizabeth Torres, April Rogers, Wendy Rogers, Derrick Davis, Revanish Woodberry, Kenny Rogers, and Mollie Ceasar, | Civil Action No. 4:04-22206-TLW-TER |
| Plaintiffs, | |
| -vs- | |
| Ulysses S.G. Sweeney, Willie Smith, Tom Moore, Marion County Election Commission, South Carolina Democratic Party, South Carolina Election Commission and The State of South Carolina, | REPORT AND RECOMMENDATION |
| Defendants. | |

## PROCEDURAL HISTORY

Eighty-nine Plaintiffs, proceeding pro se, brought this action in the Marion County Court of Common Pleas, alleging violations of §§ 2 and 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973; violations of the Civil Rights Act of 1965, 42 U.S.C. § 1983; and violations of the Due Process and Equal Protection Clauses of the United States Constitution. Defendants subsequently removed the case to this Court on September 13, 2004. Presently pending before the Court are Defendant South Carolina Election Commission and The State of South Carolina's Motions for Sanctions (Document # 64) and Summary Judgment (Document # 72). Before reaching a discussion of these motions, however, it is necessary to set forth the procedural history of this case.

Defendant Willie Smith filed a Motion to Dismiss on September 13, 2004 (Document # 4). Defendant South Carolina Election Commission filed a Motion to Dismiss on September 22, 2004 (Document # 7). Defendant South Carolina Democratic Party filed a Motion to Dismiss on September 24, 2004 (Document # 14). On September 28, the Court issued a Roseboro Order (Document # 15), directing Plaintiffs to respond to these motions within thirty-four days of the date of the order and explaining that the motions may be granted if they fail to respond adequately, thereby ending the case. Plaintiffs failed to respond to any of the above-referenced motions.

Defendants Tom Moore, South Carolina Democratic Party and the State of South Carolina filed Motions to Dismiss on January 21, 2005 (Document #s 16, 17, 19). Defendant State of South Carolina filed a Motion to Dismiss on January 31, 2005 (Document # 21). On February 11, 2005, a Roseboro Order was filed directing Plaintiffs to respond to Document #s 16 and 21[1] within thirty-

---

[1] The Motions docketed as #s 17 and 19 were rendered moot by order of the court on January 27, 2005, and February 1, 2005, respectively.

four days of the date of the order and explaining that the motions may be granted if they fail to respond adequately, thereby ending the case. Plaintiffs failed to respond to any of the motions.

On August 30, 2005, the undersigned issued a Report and Recommendation (Document # 30), recommending that Defendants Willie Smith and Tom Moore's Motions (Document #s 4 and 16) be granted, and that the motions filed by the South Carolina Democratic Party, the State Election Committee and the State of South Carolina (Document #s 7, 14, and 21) be denied. The district judge adopted the Report and Recommendation on September 21, 2005.

On July 25, 2005, Defendants South Carolina Election Commission and the State of South Carolina filed a Motion to Consolidate (Document # 28). Plaintiffs failed to filed a response to this motion. On March 14, 2006, the undersigned entered an order denying Defendants' motion (Document # 53).

Defendants South Carolina Election Commission and the State of South Carolina filed a Motion to Compel Discovery Responses (Document # 34) on September 21, 2005. Plaintiffs failed to file a response. The undersigned granted Defendants' Motion to Compel on January 5, 2006, directing Plaintiffs to respond to Defendants' discovery requests within ten days of the date of the order (Document # 45). The order advised Plaintiffs that "failure to cooperate in the discovery process and/or to abide by a court order may result in sanctions, including dismissal of their case."

On July 3, 2006, Defendants South Carolina Election Commission and the State of South Carolina filed a Motion for Sanctions (Document # 65). In the motion, Defendants noted that Plaintiffs had failed to abide by the Court's order of January 5, 2006, moved the Court to order sanctions against Plaintiffs, and asked the Court to consider dismissal of the case as an appropriate sanction. Plaintiffs again failed to respond.

Defendants South Carolina Election Commission and the State of South Carolina filed a Motion for Summary Judgment (Document # 72) on August 24, 2006. The same day, a Roseboro Order was filed directing Plaintiffs to respond to Document #72 within thirty-four days of the date of the order and explaining that the motions may be granted if they fail to respond adequately, thereby ending the case. Plaintiffs again failed to respond.

On February 12, 2007, the undersigned entered a Report and Recommendation (Document # 85), recommending that this case be dismissed pursuant to Rule 41(b), Fed.R.Civ.P. for Plaintiffs' failure to prosecute the case.

On February 28, 2007, thirteen of the eighty-nine Plaintiffs filed an objection (Document # 90), arguing that the case was not properly removed from state court to this court.[2] The District

---

[2]Plaintiffs argue that this case was not properly removed to this court because Defendants failed to file a <u>petition</u> for removal and failed to serve Plaintiffs with the petition as required by Rule 81(c), Fed.R.Civ.P. 28 U.S.C. § 1146(a) provides the procedure for removal of cases from state court to federal court:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Furthermore, subsection (d) states that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." The record reveals that a Notice of Removal, including a certificate of service as to all parties, was filed by Defendant Willie Smith on September 10, 2004. Defendant Willie Smith indicates in his Notice of Removal that he is unaware of other Defendants filing any responsive pleadings or making any appearance in the case in state court. Defendants Tom Moore, Marion County Election Commission, South Carolina Election Commission, South Carolina Democratic Party, and State of South Carolina have each filed responsive pleadings in this Court, thereby consenting to the jurisdiction of this court. The records fails to reveal whether Defendants Ulysses SG Sweeney or Marion County Democratic Party Executive Committee were ever served by Plaintiffs. Therefore, Plaintiffs' argument that this court is without jurisdiction fails.

-4-

Judge declined to adopt the recommendation of the undersigned and remanded it back to the undersigned "for review of this additional filing by plaintiffs (Doc. # 85) and any appropriate analysis of the merits of this case." Document # 91. Accordingly, the undersigned entered an Order on March 2, 2007, directing Plaintiffs to respond to Defendants' Motion for Sanctions (Document # 64) and the Motion for Summary Judgment (Document # 72) within five days from the date of the Order. Plaintiffs again failed to respond.

Plaintiffs have failed to respond to any of the twelve motions filed by Defendants in this case. Furthermore, they have also failed to file any mandatory disclosures pursuant to Rule 26. In fact, Plaintiffs have submitted only two filings to this Court, one entitled, "Plaintiffs Do Not Consent to the Exercise of Jurisdiction by a United States Magistrate Judge" (Document # 61), and the other entitled "Plaintiffs' Objections to the U.S. Magistrate Report and Recommendation" (Document # 90). The only Plaintiffs to sign the first filing were Reverend Franklin C. Reaves, Fannie Melette, Susan Crawford, Francis S. Huggins, Sarah Burch, Lamar Melette, Betty Davis, and Lewan Melette. The same Plaintiffs filed the second filing, in addition to Vestena Reaves, Patricia Bennett, McRoy Barr, and Bessie Woodbury. The remaining Plaintffs have never filed any documents with this Court.

## MOTION FOR SANCTIONS (DOCUMENT # 64)

As noted above, presently pending before this Court are Defendants' Motion for Sanctions (Document # 64) and Defendants' Motion for Summary Judgment (Document # 72). In their Motion for Sanctions, Defendants ask the court to sanction Plaintiffs for their failure to comply with the court's order of January 5, 2006, (Document # 45) directing Plaintiffs to respond to Defendants' discovery requests within ten days. The order specifically stated that "failure to cooperate in the

discovery process and/or to abide by a court order may result in sanctions, including dismissal of their case." Document # 45. Defendants ask the Court to consider dismissal of the case as an appropriate sanction.

In Mutual Federal Savings & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989), the Fourth Circuit set forth the test a district court should use in deciding whether to impose the sanction of dismissal pursuant to Rule 37, Fed.R.Civ.P. A district court should consider (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence that was not produced; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Id. (citing Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-04 (4th Cir. 1977).

This Court has provided Plaintiffs numerous opportunities to participate in this action in an appropriate manner. Plaintiffs have flagrantly disregarded Orders of this Court and the rules of procedure. Plaintiffs have further neglected to heed the numerous warnings of this Court that failure to participate in the discovery process, abide by orders of the Court, or respond to the motions filed by Defendants could result in dismissal of this action. Plaintiffs' actions demonstrate "a pattern of indifference and disrespect to the authority of the court." See Mutual Federal, 872 F.2d at 92. Moreover, Plaintiffs are proceeding pro se and, thus, are entirely responsible for their actions. Plaintiffs' disregard of Orders of this Court and the rules of procedure as well as their lack of participation in this case is solely through their neglect and not that of an attorney.

Plaintiffs' bad faith refusal to participate in the discovery process and abide by the Orders of this Court has severely hindered Defendants' ability to put forth a defense in this case. Specifically, Defendants have had to expend an exorbitant amount of effort attempting to elicit from Plaintiffs responses to their discovery requests.

Furthermore, the need to deter the behavior demonstrated by Plaintiffs in this case is great. As stated by the Fourth Circuit, "[i]n such cases, not only does the noncomplying party jeopardize [the] adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct."[3] Mutual Federal, 872 F.2d at 92 (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) ; Wilson, 561 F.2d at 504).

As noted above, this Court has allowed Plaintiffs ample opportunities to participate in this case and to comply with Defendants' discovery requests and Orders of the Court. Furthermore, with each opportunity, the undersigned has warned Plaintiffs of the possibility of dismissal for noncompliance. Plaintiffs have repeatedly failed to heed these warnings. Thus, less drastic sanctions would fail to provide the deterrence necessary in this action.

### MOTION FOR SUMMARY JUDGMENT (DOCUMENT # 72)

As noted above, plaintiffs failed to file any opposition to defendants' motion for summary judgment after being served, after the issuance of the *Roseboro* order, and now after the most recent order issued March 2, 2007. In their motion for summary judgment, defendants challenge whether many of the plaintiffs voted and/or were registered to vote in the June 2004 primary elections which are the subject of this case. Thus, plaintiffs fail to show an issue of fact as to the lack of standing of many of the plaintiffs to pursue this case.

Additionally, all plaintiffs have failed to respond to the merits of defendants' motion for summary judgment. They have failed to present affidavits, deposition testimony or other proper evidence showing a genuine issue for trial on their allegations. Defendants argue that the claims

---

[3]The undersigned notes that several of the Plaintiffs in the present action are also Plaintiffs in other cases currently pending before this Court. See, e.g., Reaves, et al v. Sweeny, et al, 4:04-cv-22206-TLW and Reaves, et al v. State of South Carolina, 4:05-cv-00566-TLW-TER.

should be dismissed as moot, because they are not justiciable, and for lack of standing. They argue that plaintiff fails to present evidence of purposeful discrimination to support a claim appropriately resolved in this court for violations of Due Process or Equal Protection. The decision in <u>Glover v. South Carolina Democratic Party</u>, 2004 WL 326256 (D.S.C. 2004) addressed Section 2 and Section 5 challenges under the Voting Rights Act.

Accordingly, defendants' unopposed motion for summary judgment should be granted on the merits, as well.

**CONCLUSION**

For the reasons set forth above and for those previously set forth in the Report and Recommendation filed February 12, 2007, it is recommended that this case be dismissed pursuant to Rule 41(b) and Defendants' Motion for Sanctions (Document # 64) and Motion for Summary Judgment (Document # 72) be granted and this case be dismissed for these reasons as well.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 13, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice contained on the following page(s). The parties are directed to file any objections to this Report and Recommendation no later than March 30, 2007, at 5:00 p.m.**

-8-